**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORENE FRENCH, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br>   v.<br><br>DATA SOFTWARE SERVICES, LLC d/b/a ELEAD1ONE and SMITH CAIRNS FORD LINCOLN MERCURY, INC.,<br><br>               Defendants. | **CASE NO. _____**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Norene French ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between August 27, 2015 and November 20, 2015, Defendants Data Software Services LLC d/b/a Elead1One ("Elead") and Smith Cairns Ford Lincoln Mercury Inc. ("Smith Cairns") (collectively "Defendants") made three robocalls to Plaintiff, Norene French, on her cellular telephone in order to sell her an automobile. These calls were all made using an autodialer and/or an artificial or prerecorded voice. Ms. French did not give Defendants prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Norene French is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

4. Defendant Data Software Services LLC is a Georgia organization with its principal place of business at 4001 Coleman Road N., Valdosta, GA, 31602. Elead is a telemarketer that provides services to more than 8,000 automobile dealerships, including Smith Cairns.[1] At all relevant times, Elead acted as the agent of Smith Cairns. Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each Defendants.

---

[1] Specifically, Elead provides "support throughout the sales process – from lead generation and sales acquisition to customer retention and loyalty. 1,200 well-trained customer service representatives providFe call support to retail auto dealerships of all sizes." *See* http://www.elead-crm.com/about-elead1one/ (last visited Jan. 25, 2016).

1

5. Defendant Smith Cairns Ford Lincoln Mercury, Inc. is a New York corporation with its principal place of business at 900 Central Park Ave, Yonkers, New York, 10704. Smith Cairns operates as an automobile dealership.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Smith Carins' principal place of business is within this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

2

11. In addition, the TCPA prohibits making "any call" using "an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A)(iii).

12. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because autodialed and prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendants' Robocalls to Plaintiff and Class Members**

14. Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendants. Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendants. Plaintiff has never provided Defendants with her telephone number.

15. The following chart shows each date and time that Defendants called Plaintiff on her cellular telephone number to sell her electricity:

**DEFENDANTS' CALLS TO PLAINTIFF**

| Date | Time | Number Calling |
| --- | --- | --- |
| 8/27/2015 | 6:39 PM | (855) 275-7181 |
| 9/04/15 | 7:49 PM | (855) 275-7181 |
| 11/20/15 | 11:49 AM | (855) 275-7181 |

16. In total, Defendants called Plaintiff at least three times using an autodialer and/or an artificial or prerecorded voice without her prior express written consent.

17. Ms. French repeatedly told Defendants that she was not interested in purchasing an automobile, and asked that she not be called anymore, but Defendants kept calling.

3

18. Online consumer complaints regarding Defendants' unsolicited telemarketing robocalls from this same number are legion:

- "Just called, Said they were a Kia dealer, Smith Cairns, returning my call. Caller I.D. showed the same info. I never called them. The 855 area code is like an 800 number. The next time they call I will see how long I can keep them on the phone with my questions getting more and more crazy."[2]

- "When I get a call from this number (twice a day, everyday) the caller ID says Smith Cairns. When I looked that up, it was a Subaru dealership near NYC. Yes, I have been internet shopping for a car, but I live no where near NYC. I'm not looking at Subarus either. Annoying!"[3]

- "I've been getting phone calls for the last week from all kinds of car dealers. I am not in the market for a new car so I'm not sure why they have been calling. They have not left a message and I don't have any desire to talk to them at my office - where they are calling! They have NEVER left a message so I know it is not important."[4]

- "This morning we got a call from 855-275-7181 inviting us to Smith Cairns dealership for test drive at 4pm and we were provided a confirmation # for our appointment. … I called back 855-275-7181 just to find out that they basically have no clue of what is in stock or not at dealership, they just a phone service inviting potential customers to closest dealerships. After I asked a girl on the phone about how fair it is to send people to dealerships to test drive something they don't have in stock she said it's not her job and hanged up on me."[5]

- "This company is called E LEADS Customer Relations Management. I work for a dealership that employs these guys. My number got thrown into our system and they gave me a call."[6]

- "They don't leave a message and when I just called them back, with my number blocked, a recording says they have an important matter to discuss with me about my vehicle. Then, it says to hold for an available agent. After 10 minutes, I hung up. I know they are not calling about a car we own but I wanted to ask them why they called, who they are looking for, etc. The next time I see this number on my ID, I'm answering to see what it's about. The call today came with the ID name of Cairns Smith."[7]

---

[2] http://whocallsme.com/Phone-Number.aspx/8552757181

[3] http://800notes.com/Phone.aspx/1-855-275-7181/13

[4] http://800notes.com/Phone.aspx/1-855-275-7181/13

[5] https://www.yelp.com/user_details?userid=vWV4jDg0g3QjPKM3eWFC5Q

[6] http://800notes.com/Phone.aspx/1-855-275-7181/2

[7] http://www.callercomplaints.com/SearchResult.aspx?Phone=855-275-7181&page=2

4

- "Receive daily unsolicited calls.  No messages left.  Some calls were made as late as 10:31 pm EST."[8]

- "Constantly calling our home phone."[9]

- "Do not want any more calls from this Ford dealer."[10]

- "Just got a phone call.  Leave no message.  From reading above post might be a call dealer...who knows?  I was searching vehicles the other day then got 3 calls within 15 minutes of searching."[11]

- "The name of the company is E-Lead1."[12]

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

20. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote their products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff also proposes the following Autodialer Class definition:

---

[8] http://800notes.com/Phone.aspx/1-855-275-7181/7

[9] http://800notes.com/Phone.aspx/1-855-275-7181/11

[10] http://800notes.com/Phone.aspx/1-855-275-7181/11

[11] http://800notes.com/Phone.aspx/1-855-275-7181/12

[12] http://800notes.com/Phone.aspx/1-855-275-7181/9

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote their products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

23. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of autodialed robocalls that she received, that the classes are so numerous that individual joinder would be impracticable.

25. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electricity charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendants made telephone calls to class members using an autodialer without their prior express written consent;

b. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

c. Whether Defendants' conduct was knowing and/or willful;

d. Whether Defendants are liable for damages, and the amount of such damages, and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

28. As a person who received numerous and repeated calls on her telephone using an autodialers and/or an artificial or prerecorded voice without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants are small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

36. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

41. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  February 4, 2016 	Respectfully submitted,

                                                      **BURSOR & FISHER, P.A.**

                                                      By: ____/s *Joshua D. Arisohn*_____
                                                                 Joshua D. Arisohn

                                                    Scott A. Bursor
                                                    Joseph I. Marchese
                                                    Joshua D. Arisohn
                                                    Frederick J. Klorczyk III
                                                    888 Seventh Avenue
                                                    New York, NY 10019
                                                    Tel:  (646) 837-7150
                                                    Fax: (212) 989-9163
                                                    E-Mail: scott@bursor.com
                                                                 jmarchese@bursor.com
                                                                 jarisohn@bursor.com
                                                                 fklorczyk@bursor.com

                                                  *Attorneys for Plaintiff*